## HIRAM JEWETT versus THOMAS GAGE.

The owner or possessor of swine must take care at his peril that they do not run at large in the highway without a keeper.

Where the plaintiff's minor daughter, with a suitable horse and carriage, and in the exercise of ordinary care, was travelling along a highway, and the horse, by becoming frightened at the looks of a hog owned by the defendant, and by him permitted to be in the highway without a keeper, occasioned an injury to the daughter and carriage, — *Held*, that the owner, or he who had control of the hog, was liable for the injury, although he did not know the hog was in the highway at the time of the injury.

ON EXCEPTIONS.

CASE, for an injury to the plaintiff's wagon and minor daughter, by reason of his horse taking fright at the defendant's hog, which was lying by the side of the highway in Benton, without a keeper.

The plaintiff asked one of his witnesses if he had seen the hog at large in the road, before the day of the accident, to which the defendant's counsel objected. The plaintiff's counsel said he offered the evidence to meet the point set up in the specifications of defence, that the defendant did not know his hog was at large in the highway. Defendant's counsel thereupon withdrew the specification, and the evidence was waived.

The presiding Judge instructed the jury, *inter alia*, that, if the hog which frightened the horse was owned by the defendant, or was in his custody and under his control, and the defendant permitted him to be at large in the highway without a keeper, and the horse was frightened by the hog, although the looks of the hog alone occasioned the fright and the injury was occasioned thereby, the defendant would be liable, though he did not know that the hog was in the highway at the time of the accident; that it was immaterial whether or not the defendant knew that the hog was then, or had previously been at large ; and that it was his duty to see at his peril that he was not at large without a keeper.

The verdict was for the plaintiff and the defendant alleged exceptions.

*A. Libbey,* for the defendant, cited

R. S., c. 23, § 2; *Keith* v. *Easton,* 2 Allen, 556; *Sutherland* v. *Jackson,* 32 Maine, 80; R. S., c. 235, § 4; *Davis* v. *Bangor,* 42 Maine, 522; *Cook* v. *Charlestown,* 13 Allen, 190, note; *Kingsbury* v. *Dedham,* 13 Allen, 186.

*J. Baker,* for the plaintiff.

CUTTING, J.—It appears, that, on August 29, 1865, the plaintiff's daughter, with a suitable horse and vehicle, and in the exercise of ordinary care, was travelling in and along a public highway in the vicinity of the defendant's house, when an animal, called by various names, such as hog, sow, swine, and, by the classical counsel for the plaintiff, " *monstrum . horrendum,*" aged, of large size, filthy, unclean by the Levitical, and prohibited from running at large in the streets by the statute law, suddenly arose from the gutter, frightened the horse, and caused the damage for the recovery of which this suit is brought.

It is contended, by the defendant's counsel, that such animals have the right to run in the highway when accompanied by a keeper. It may be so, but such is not this case. There was no keeper, and, besides, the hog was not *in transitu.* It is a mistaken idea that animals prohibited by statute from running [at large without a keeper, if with a keeper, can be turned into the highway for the purpose of grazing, or swine *recubans* to wallow in the mire by the road-side. The case of *Stackpole* v. *Healey,* 16 Mass., 31, is full and conclusive upon this point.

The argument and authorities cited, that the defendant would not be liable, unless the town was liable for suffering a nuisance in the highway, have no application. The one is controlled by the common, and the other by statute law.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.