EDWARD SHIPLEY v. HENRY COLCLOUGH.

*Negligence—Cattle running at large.*

A person who turns his cattle loose in the highway, without a keeper, in violation of a statute prohibiting them from running at large therein, assumes all of the risks of such action.[1]

So *held*, where one of two cows, which were running at large in the highway contrary to law, hooked and pushed the other against and under the wheel of a sulky which was being driven along the highway, overturning and injuring the vehicle, and the owner brought an action against the owner of the cows for the damage sustained, and a judgment in his favor is affirmed.

Error to Saginaw.   (Gage, J.)   Argued June 4, 1890. Decided July 2, 1890.

Case. Defendant brings error.   Affirmed.   The facts are stated in the opinion.

*Brooks & Conway*, for appellant, contended:

1. Where an injury to person or property results from the act of a domestic animal, an action will not lie against the owner except on proof of the vicious nature or habit of the animal, and knowledge on the part of the owner; citing Cooley, Torts,

---

[1] See *Robinson v. Railroad Co.*, 79 Mich. 323.

343, 344; *Brooks v. Taylor*, 65 Mich. 208; *Knowles v. Mulder*, 74 Id. 202.

2. Two classes of cases present exceptions to or modifications of this rule:

*a*—At common law the owner of domestic animals is liable for their trespasses, through his negligence, on the private grounds of another; and usually, where damage is done in such cases, even though of a kind not reasonably to be anticipated, a recovery therefor has been allowed, without regard to the owner's previous knowledge of any vicious habit of the animal; citing *Decker v. Gammon*, 44 Me. 322 (69 Am. Dec. 99); Cooley, Torts, 340.

*b*—Where the owner has no knowledge that his animal has before done such or similar injury, if, from its nature and disposition, he must have known that such damage was likely to result from his negligent act, he has sometimes been held answerable; citing *Hewes v. McNamara*, 106 Mass. 281; *Goodman v. Gay*, 15 Penn. St. 188 (53 Am. Dec. 589); *Barnum v. Terpening*, 75 Mich. 557.

3. This case is covered by none of these rules. The cows were not on plaintiff's property, and were unusually peaceable animals, and the accident could not have been reasonably anticipated. It was a pure accident; citing Cooley, Torts, 344.

*Herbert A. Forrest*, for plaintiff, contended for the doctrine stated in the opinion.

CAHILL, J. In December, 1888, the defendant, Colclough, was the owner of land lying on both sides of a public highway in Buena Vista township, Saginaw county. He was accustomed, at that time, to drive his cattle every morning from his field on the south side of this highway, and in a westerly direction, about 45 rods, along the highway, and into his field on the opposite side of the road. This highway was very little traveled, but crossing it at nearly right angles, and not far from this place, was the Genesee plank-road, a great thoroughfare. Plaintiff's son, Colon Shipley, was in the habit of driving plaintiff's cattle along this highway every morning, to a field east of Colclough's lands. In doing this, he drove a horse hitched to a sulky.

Plaintiff's claim is that Colon, returning one morning from this task, and riding in the sulky, was met by two of Colclough's cows on this road opposite Colclough's land; that one of the cows hooked and pushed the other against and down under the wheel of the sulky, and that the cow, in rising up, overturned the sulky, and it was thus broken and otherwise injured. He further claims that the cows were at the time running at large by reason of defendant's carelessness and negligence in turning them into the road, and in going off and leaving them unattended. It was admitted that the statute prohibiting cattle running at large in the highway was in force there at that time. Plaintiff sues for damages thus done to the sulky.

Colclough defended on two grounds, claiming:

1. That the cattle were not at large.

2. That, even if they were at large, plaintiff could not recover, because the circumstances did not constitute actionable negligence, and because it was not shown that the cows had any vicious or dangerous habit or propensity which should have led defendant to anticipate and guard against such injury.

And the defendant took the position that the fact of the cows being at large in the public highway did not change this rule. This raises the only question in the case. The judge charged the jury as follows:

"By the statutes of our State cattle are not allowed to run at large, unless there is permission granted by the board of supervisors in certain cases. For the purpose of this case I might say to the jury that cattle of the character described by the witnesses here are not allowed to run at large in the highway in the township of Buena Vista, this county. Where cattle are in the highway, and are attended by the owner, or some person in his behalf, being driven along the highway, they are not considered as running at large. It would be entirely proper for the owner of cattle driving them from one enclosure or one field across the highway, or up and

down the highway, to enter another field for purpose of pasture; and, if he did so, he is not doing an unlawful act.

"In this case, if you find as a matter of fact that Mr. Colclough, the defendant, drove his cattle from a field upon his farm into the highway for the purpose of having them enter another field on the opposite side of the highway, where he had a pasture, the question then for you to consider would be, whether in doing that act he exercised reasonable care in taking the cattle from one field to the other; that is, so that they would not go astray, and be in fact at large. In determining that question you will consider the number of cattle that he had in charge that morning (if you find that he was in charge of the cattle), the character of the cattle, and the time when they were driven into the road by him, the time in the morning, the extent of the travel in the cross-road, in determining the question of reasonable care on his part."

This instruction was as favorable to defendant as he was entitled. In turning a herd of cattle loose into the highway, and going away and leaving them unattended by any one, defendant violated a statute of the State, and he assumed all the risks of such action. The authorities are almost uniform that—

"The violation of any statutory or valid municipal regulation, established for the purpose of protecting persons or property from injury, is of itself sufficient to prove such a breach of duty as will sustain a private action for negligence, if the other elements of actionable negligence concur." 1 Shear. & R. Neg. § 13.

"These principles apply not only where the statute or ordinance declares that persons violating it shall be liable for any damage sustained by reason of its breach, but also where it contains no such provisions, and simply imposes a penalty, by way of fine or otherwise, for disobedience. Nor is the plaintiff, in such a case, bound to prove that the act required by the law was one which by its nature was essential to the exercise of due care by the defendant." *Id.*

In the case of *Holden v. Shattuck*, 34 Vt. 336, upon

which counsel for defendant rely, the court clearly intimated that if the horse had been unlawfully in the highway the conclusion of the court would have been different; but in that case it was held that the horse was not unlawfully in the highway. The court uses this language:

"The whole trial, including the charge of the court, proceeded upon the assumption that the defendant had no right to have or permit his horse to be loose in the highway, and that, if he was there through the carelessness of the defendant, he (the defendant) was liable in law to respond to any damage that should be caused thereby. If this is the true view of the subject, we should have no great difficulty in upholding the verdict under the charge, in its relation to the evidence given on the trial."

There is no error in the judgment, and it will be affirmed, with costs.

The other Justices concurred.