VAN ROY, Respondent, vs. WATERMOLEN, Appellant.

*May 4—June 23, 1905.*

*Highways: Trespass: Abutting owners.*

1. Plaintiff had a private ditch running from his close to connect with a ditch in the highway in front of his premises.  Defendant caused his cattle to be driven to the highway ditch for the purpose of drinking, and they trampled down the banks of the ditch and destroyed the outlet of plaintiff's private ditch so as to prevent the free flow of water therein, which caused water to back up onto plaintiff's premises. *Held*, that defendant's act was a technical trespass, since it was not the use of the highway for travel, nor a mere incidental turning aside of the cattle to drink as they were being rightfully driven along the highway.
2. Such acts are not authorized by sec. 1347c, Stats. 1898 (providing that the general public shall have the right to use and take the water from any spring, creek, or running water that may be found running in or across the limits of any highway).

APPEAL from a judgment of the circuit court for Brown county: SAMUEL D. HASTINGS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Sheridan & Evans,* and oral argument by *F. D. Merrill.*

*V. I. Minahan,* for the respondent.

WINSLOW, J.   This was an action of trespass to real estate commenced in justice court and brought by appeal to the circuit court.   It appeared that there was a ditch in the highway in front of the plaintiff's premises and upon his side of the highway in which water ran during wet weather, and that a private ditch ran from plaintiff's close into this highway ditch; that the defendant caused his cattle, several in number, to be driven to the highway ditch for the purpose of drinking, and that they trampled down the banks of the ditch, causing the water to spread out, and disturbed the outlet of plaintiff's private ditch so as to prevent the free flow of water therein and cause it to back up onto plaintiff's premises to some extent.   This was held to be a technical trespass, and rightly so.   This was not the use of the highway for travel, nor was it a mere incidental turning aside of the cattle to drink as they were being rightfully driven along the highway.   Had they been driven to the plaintiff's side of the highway to graze thereon there could be no doubt that the act would be a trespass; and no difference in principle can be pointed out when they were driven there to drink instead of to graze.   Sec. 1347c, Stats. 1898, does not touch the question here presented.   There is no other question in the case which merits consideration or treatment.

*By the Court.*—Judgment affirmed.