ELIZABETH FORSYTHE v. GEORGE KLUCKHOHN, Appellant.

**Dogs running at large: LIABILITY OF OWNER FOR INJURIES.** The owner of a dog allowed to run at large without being securely muzzled as required by an ordinance is not liable for injury caused by the dog unless the proximate result of a lack of the muzzle.

*Appeal from Plymouth District Court.*—HON. DAVID MOULD, Judge.

TUESDAY, FEBRUARY 7, 1911.

ACTION for damages resulted in judgment against defendant, from which he appeals.—*Reversed.*

*Sammis & Bradley,* for appellant.

*Nelson Miller* and *Struble & Struble,* for appellee.

LADD, J.—In the afternoon of November 4, 1908, the plaintiff, while walking along Fifth Street in Le Mars, noticed the approach of two dogs from the opposite direction. She stepped aside to avoid them, but, according to her testimony, they seized her clothes, pulled her around and caused her to fall. · Other evidence tended to show that neither dog bit nor took hold of her dress, but that one of the dogs ran against her, causing her to lose her balance. The smaller of these was a yellow dog, and the other, a brindle, was a pup belonging to defendant. The jury in answer to special interrogatories, found that the dogs neither attacked nor attempted to bite plaintiff. One seems to have been chasing the other, and the ground of

recovery was that defendant had allowed his brindle pup to run at large without being muzzled in violation of the ordinance of the city of Le Mars. That defendant did this and therein was at fault is not questioned, but something more was essential in order to justify the verdict; *i. e.,* such fault must have been the proximate cause of the injury.

Can it be said that these dogs in chasing one another or playing in the street ran against plaintiff because of the omission of either to wear a muzzle? No evidence on the subject was offered, and in the absence of any showing to that effect, we are not warranted in assuming that muzzling would have interfered with the dog's propensities to run and play with his associates. The omission of the muzzle seems to have been a mere incident or condition, and not in any sense the cause of the injury. But, say counsel, had defendant kept his unmuzzled dog from running at large the accident would not have happened, and in support of this position relies on the language of the ordinance which declares that "it shall be unlawful for any dog to be allowed to run at large within the limits of said city without being securely muzzled, and any owner of any dog who shall allow the same to run at large or go beyond his or her immediate control without being so muzzled shall be deemed guilty of a misdemeanor and punished accordingly."

It will be observed that this did not prohibit dogs from running at large or men from allowing them to do so, but denounced the act of allowing them to be at large "without being securely muzzled." The unlawful act, then, of the brindle pup was not in being on the street, but in being there without wearing proper apparel, and the defendant's fault was in permitting such freedom. But unless this error of the dog and fault of the man had something to do with causing the injury, there should be no recovery. See *Tingle v. Railway Co.,* 60 Iowa, 333;

*Tackett v. Taylor Co.,* 123 Iowa, 149; *Sowles v. Moore,* 65 Vt. 322 (26 Atl. 629, 21 L. R. A. 723).

Plaintiff relies on *Jewett v. Gage,* 55 Me. 538 (92 Am. Dec. 615), where a hog suddenly arose from a gutter and frightened complainant's horse, and *Shipley v. Colclough,* 81 Mich. 624 (45 N. W. 1106, 21 Am. St. Rep. 546), where cattle running at large overturned the complainant's buggy and other like decisions. See 2 Ency. of Law, 363; *Hardiman v. Wholley,* 172 Mass. 411 (52 N. E. 518, 70 Am. St. Rep. 292). But the owners in those cases were prohibited from allowing their animals from being at large unattended, and not as here from permitting this, unless wearing safety appliances. The omission of the appliance did not contribute to the injury, and for this reason the fault of defendant in allowing his brindle pup on the street without the muzzle was not the proximate cause of the injury. *Smith v. Donohue,* 49 N. J. Law, 548 (10 Atl. 150, 60 Am. Rep. 652). See *Sanders v. Teahl,* 51 L. T. N. S. (Eng.) 263.

A new trial should have been ordered.—*Reversed.*