EMMA STEWART, Appellant, v. HENRY WILD, Appellee.

**NEGLIGENCE:** Acts Constituting—Animals Running at Large. Actionable negligence results from allowing hogs to run at large upon the public highway, with injury proximately resulting to a person lawfully on the highway; and this is true irrespective of the statutes relative to the distraint of animals running at large.

**NEGLIGENCE:** Pleading—General Allegation. A general allegation to the effect that a defendant "negligently permitted his hogs to run at large upon the public highway" is all-sufficient, in the absence of a motion for more specific statement.

**ANIMALS:** Distraint—Independent Action for Damages. The statutory provision for the distraint of animals running at large upon a public highway does not abridge the right of a traveler upon the public highway to maintain an action at law for damages proximately resulting from the running at large of such animals. (Sec. 2314, Code, 1897.)

**PLEADING:** Demurrers—Speaking Demurrer. The court may not, on demurrer, consider matter which is purely defensive.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

OCTOBER 17, 1923.

ACTION for damages for personal injuries sustained by plaintiff as a result of the alleged negligence of the defendant. These injuries resulted from a collision of plaintiff's automo-

bile, while traveling in the highway, with one of defendant's hogs, which the defendant had negligently permitted to run at large upon the highway. A demurrer to plaintiff's petition was sustained. The plaintiff electing to stand upon her petition, judgment was entered against her, from which she has appealed.—*Reversed and remanded.*

*D. H. Sheehan* and *Kimball, Peterson, Smith & Peterson,* for appellant.

*W. H. Killpack,* for appellee.

EVANS, J.—I. The alleged negligence of the defendant is charged in the petition in the following terms:

"That, on or about the 30th day of May, 1920, the plaintiff, her husband, and two sons, were driving in the plaintiff's automobile on and along the said White Pole Road in an easterly direction. That one of the plaintiff's said sons was driving and operating the plaintiff's husband's said automobile in a cautious and careful manner, and at a moderate and lawful rate of speed. That, when at a point on said highway adjacent to the land owned and operated by the defendant, some hogs, belonging to defendant, which the said defendant had negligently, carelessly, and unlawfully permitted to stray from [upon] said highway, suddenly jumped out of a depression or sunken road running at right angles with said highway on the west side of said highway, and ran out upon the traveled part of said highway directly in the path of the plaintiff's husband's said automobile. That plaintiff and the other occupants of the said car were unaware of the presence of said hogs until they, the said hogs, ran out from the said depression or sunken road directly in the path of his said automobile. That, although the driver of said car, the plaintiff's said son, exerted every effort to avoid a collision with the said hogs, he was unable to do so. That one of defendant's said hogs ran directly under the left front wheel of plaintiff's husband's automobile, causing it, the said automobile, to turn turtle, and to throw plaintiff and the other occupants of plaintiff's husband's said automobile violently to the ground. That, at the time of the said collision, the defendant was stand-

1. NEGLIGENCE: acts constituting: animals running at large.

ing in the barnyard of the said farm, east of the said highway. That, just as the plaintiff's husband's automobile reached the point in said highway at or near said depression or sunken road, the defendant called the said hogs. That the said hogs jumped up and ran out upon the traveled part of the said highway, in the path of the plaintiff's husband's said automobile, in response to the defendant's said call. That defendant knew full well, or should have known, that the said hogs would jump out of the said depression or sunken road in response to his said call, and run out in the traveled part of the highway directly in the path of the said automobile. That the defendant above named was guilty of negligence and carelessness in connection with the matter of said hogs' being upon said public roadway, in that said defendant did fail to restrain said hogs from running at large, and did fail to restrain said hogs from going upon public roads for travel or driving, and in that said defendant did fail to keep the said hogs under his immediate care and efficient control, as provided by Section 2314 of the Code of Iowa, 1897. That defendant was guilty of carelessness and negligence, in that, in addition to failing to restrain said hogs from going upon a public roadway, he did commit an affirmative act of negligence and carelessness, in that he did call his hogs from the other side of the roadway from where he was located, at a time when automobiles and particularly when the automobile in which plaintiff was riding was passing along said roadway, which fact was known to defendant, or, in the exercise of reasonable care, should have been known to defendant, thus causing said hogs to quickly and suddenly run upon and in front of the automobile in which plaintiff was riding, and causing said automobile to turn turtle, as hereinbefore stated.''

The demurrer to the foregoing was predicated upon the three following grounds:

''1. It appears from the plaintiff's petition that no negligence on defendant's part of which plaintiff has a right to complain, was the proximate cause of plaintiff's injury, if any she suffered.

''2. Even if the matters and things set forth in plaintiff's petition were true, the fact that some of defendant's hogs were on the public highway, if such were a fact, does not render him

liable for automobile accidents or make him an insurer of the safety of persons traveling along the public highway, so far as a collision between a pig and an automobile is concerned.

"3. The matters and things set out in plaintiff's petition as negligence or as improper or unlawful acts on the part of defendant, are not such matters and things as to enable the plaintiff to base a cause of action thereon against the defendant, or to entitle her to recover against him, because the mere escape of hogs from an inclosure is not negligence, and a collision between a hog and an automobile on a public highway is not such a thing as defendant could or would be bound to anticipate if his hogs should escape from an inclosure onto the public highway."

The argument of the appellee in support of the foregoing grounds of demurrer is predicated largely upon the twofold assumption:

(1)  That the action is one for statutory damages, under Sections 2313 and 2314 of the Code.

(2)  That such statute has no application to the rights of a traveler upon the highway, and that it imposes upon the owner of swine no duty with reference to such highway travel.

The record indicates that such was the controlling reason for the sustaining of the demurrer. We note first, therefore, that this conception of the nature of the action is an erroneous one. The petition discloses an ordinary action at law for damages for negligence. In such an action, it is always incumbent upon the plaintiff to plead and to prove the alleged negligence. Negligence is the breach of some duty imposed either by common law or by statute upon the offending party. If the duty be imposed, then a breach of it is actionable if it result proximately in injury to another; and this is equally true whether the duty be imposed by common law or by statute.

2. NEGLIGENCE: pleading: general allegation.

The petition charges two negligences:

(1)  That the defendant negligently permitted his hogs to run at large upon the highway.

(2)  That he was affirmatively negligent in calling his hogs, under the circumstances existing at the time of such calling.

For the moment, we shall ignore the latter charge, and consider only whether the first was a sufficient allegation of negligence. At common law, it was the duty of the defendant to restrain his hogs from running at large. He had the common right of the public to drive them upon the highway while they were in charge of a caretaker. He had no right to permit them to run upon the highway without a caretaker. This rule of the common law has not been abridged by our statute. On the contrary, it has been expressly confirmed. Section 2314 expressly prohibits the owner of swine from permitting the same to run at large at any time. It also defines the phrase "running at large," as follows:

"But stock shall not be considered as running at large so long as it is upon unimproved lands and under the immediate care and efficient control of the owner, or upon the public roads for travel or driving thereon under like care and control."

The necessary effect of this statute is both to recognize and to impose upon the owner of hogs the legal duty to restrain them from running at large, either upon the lands of another or upon the public highway. To allege a breach of this duty is a sufficient allegation of negligence in support of an ordinary action for damages predicated thereon. The nature and measure of damages which may be recovered in such an action are not necessarily statutory nor dependent upon statutory provisions, unless the statutory provisions relied on have the effect to deny or abridge the common-law right of recovery.

Sections 2313 and 2314 provide a remedy by distraint of trespassing stock. The argument for appellee is that this remedy is available under the terms of the statute only to a landowner, and is not available to a mere traveler upon the highway. His further deduction is that, therefore, no part of either of these sections is applicable to such traveler upon the highway. Granting that the remedy of distraint is available only to a landowner, as claimed, does it follow, in legal effect, that the statute makes such remedy exclusive, and that it withholds from the landowner and from all others the common-law right of damages for the wrong done? The statute does not so purport. The remedy by distraint is purely optional, even to the landowner. The common-law right

3. ANIMALS: distraint: independent action for damages.

of damages is in no manner abridged thereby. The landowner may waive the remedy of distraint, and may avail himself of the ordinary remedy by action for damages. This latter remedy can be no more available to the landowner than to the traveler upon the highway.

We hold, therefore, at this point that the allegation that the defendant negligently permitted his hogs to run at large upon the highway is a sufficient allegation of negligence for the purpose of a demurrer. Whether it should have been made more specific is a question not involved in a consideration of the demurrer. For authorities supporting this discussion, see 3 Corpus Juris, Section 324; *Meier v. Shrunk,* 79 Iowa 17; *Leonard v. Doherty,* 174 Mass. 565; *Shipley v. Colclough,* 81 Mich. 624 (45 N. W. 1106); *Jewett v. Gage,* 55 Me. 538; 37 Cyc. 266; *Van Roy v. Watermolen,* 125 Wis. 333 (104 N. W. 97).

II. It is urged by appellee that the alleged negligence of the defendant was not the proximate cause of the injury suffered, in that the accidental collision of the hog with the plaintiff's automobile was an accident or event that the owner of the hog could not have anticipated as a probable consequence of his negligence. It is to be conceded that certain authorities relied upon by the defendant tend to support this contention. See *Briscoe v. Alfrey,* 61 Ark. 196 (30 L. R. A. 607); *Brady v. Straub,* 177 Ky. 468 (L. R. A., 1918 D 197); *Klenberg v. Russell,* 125 Ind. 531 (25 N. E. 596); *Anderson v. Nesbitt,* 43 Ind. App. 703 (88 N. E. 523).

We will not undertake to analyze the opinions in the foregoing cases. Some of them may be justified by the peculiar facts of the particular case. On the general proposition to which they are cited by the appellee, we are unable to give our assent. It is the fundamental law of the highway that it is subject to the use of the traveling public, and that it must be kept free from such obstructions as are not incident to its use for travel. Whatever endangers travel thereon, and whatever is not incident to the lawful use or care of the highway, becomes, ordinarily, a nuisance and a public peril. In the days of the ox-drawn vehicle, it may be conceded that the presence of a hog upon the highway would not present any imminent danger of a collision with the vehicle. In the later day of the swifter

moving horse-drawn vehicle, the presence of a hog at large became an increased danger, though more readily avoidable than in the still later day of the motor vehicle. In these days of general travel by motor vehicle, we see no room for saying, as a matter of law, that the presence of a hog at large upon the highway does not suggest danger of collision with traveling vehicles. If it could be said, as a matter of law, that the instincts of a hog stimulate him to an avoidance and escape from an approaching vehicle, there might be some room for debate. But it could as well be said, and doubtless more plausibly, that, by the universal verdict of general observation, his instincts and natural tendencies are in the other direction, and that he will more probably, if not certainly, pass in front of a moving vehicle, at whatever time or place it comes within the short radius of his locomotion. Ordinarily, the question of proximate cause is one of fact for the jury, and we are not now dealing with the weight of evidence, or with expert opinion as to the habits or tendencies of the hog. The liability of owners for damages for a collision of vehicles with stock unlawfully running at large upon the highway has heretofore been recognized by us quite as a matter of course, without challenge by the defending litigant. *Flesch v. Schlue,* 194 Iowa 1200; *Strait v. Bartholomew,* 195 Iowa 377.

In the latter case, we said:

"The statute to which this allegation has reference [meaning the allegation of the petition] does not involve the doctrine of common-law negligence upon which the liability in the instant case must be and is predicated."

We hold at this point that it cannot be said, as a matter of law, that a collision between a vehicle and a hog unlawfully running at large upon the highway is an event too remote to be deemed the proximate result of defendant's negligence, if any.

III. One of the grounds of the demurrer was that the defendant is not liable for a mere escape of his hogs from the inclosure in which they were confined, and that such escape of the hogs did not constitute negligence on the part of the owner; and this point is pressed in argument here. There is nothing in the allegations of the petition to which this ground of the demurrer is

4. PLEADING: demurrers: speaking demurrer.

apropos. If the hogs escaped from their inclosure, such fact appears only by the averment or implications of the demurrer. At this point, it becomes a "speaking demurrer." We can take no notice of its averment. The petition avers that the defendant "negligently permitted" the hogs to run at large. Upon trial, it will be incumbent upon the plaintiff to prove the negligence, and it will be open to the defendant to negative the same, by affirmative as well as by negative evidence. Proof that the hogs were running at large would doubtless be presumptive evidence of defendant's breach of statutory duty, and, therefore, of negligence. What circumstances might be deemed sufficient to excuse the defendant and to render him free from fault, is a question not involved in the demurrer.

IV. It is urged by appellee that the petition contains no allegation of freedom of plaintiff from contributory negligence. Such point was not one of the grounds of the demurrer. In view of our foregoing conclusion that the first stated negligence alleged in the petition is sufficient in form, we have no occasion to consider the sufficiency of the additional allegation of affirmative negligence stated therein. Even though such statement were insufficient of itself, this would not render the petition vulnerable to the demurrer, even though it might be vulnerable to a motion for a more specific statement or to strike.

It is our conclusion that the demurrer should have been overruled, and that the learned trial judge erred in ruling otherwise. The judgment below is, accordingly, reversed, and the cause is remanded accordingly.—*Reversed and remanded.*

PRESTON, C. J., ARTHUR, FAVILLE, and DE GRAFF, JJ., concur.

STEVENS, J., dissents.