## MICHAEL KINNEY, Appellant, v. PATRICK KINNEY.

**Partition Fence:** HEDGES. Neglect of an adjoining owner to trim a hedge fence standing on part of the division line, is not, within Code 1873, section 1490, providing that if any party neglect to "repair or rebuild" a partition fence, the aggrieved party may appeal to the fence viewers, and if they determine the fence is "insufficient," they shall signify it in writing to the delinquent owner and direct him to repair or rebuild

FENCE VIEWERS. Under Code 1873, section 1490, authorizing hedges as partition fences, but making no provision as to trimming them, the owner thereof is not liable to the adjoining owner for allowing them to grow so that his land is shaded and encroached on thereby. It is a clear case of *damnum absque injuria.**

*Appeal from Lucas District Court.*—HON. M. A. ROBERTS, Judge.

WEDNESDAY, APRIL 6, 1898.

---

*See Chapter 4, Title XII, Code of 1897.—REPORTER.

ACTION at law to recover damages for the use and occupation of a part of plaintiff's land. The trial court sustained a demurrer to the plaintiff's petition, and he appeals.—*Affirmed.*

*Stuart & Bartholomew* for appellant.

*Will B. Barger* and *J. A. Penick* for appellee.

DEEMER, C. J.—From the petition, we gather the following facts material to the determination of the question presented: The parties are owners of adjoining tracts of land, plaintiff owing the north one-half of the southwest one-fourth of section 22, and the defendant the south one-half of the northwest quarter of section 36, in the same township and range. The lands are inclosed, and the parties maintain a partition fence between their tracts. This fence was built about fifteen years ago, by agreement between the parties. It was the duty of plaintiff to maintain the east half of the fence, and of defendant to build and repair the west half. In recognition of this duty, defendant planted and cultivated an osage orange and willow hedge fence upon his part of the division line. It is claimed that, while this hedge fence is sufficient as a lawful fence, yet defendant has failed to trim and cut down said fence to a proper height, and has permitted the limbs to grow out over plaintiff's land to the distance of from ten to twenty feet, thus depriving him of the use of that much of his land. Plaintiff also charged that defendant has allowed the fence to grow to the height of from thirty to forty feet, creating a dense shade upon plaintiff's land for a distance of from thirty to forty feet, effectually hindering and preventing the growth of products thereon. These acts are said to have been done willfully and maliciously, and to

plaintiff's great damage. The demurrer raises the question as to the obligation of the defendant to trim the hedge. Appellee insists in argument that the fence viewers have exclusive jurisdic tion of the matter at issue. This point was not made by the demurrer, and does not seem to have been presented to the trial court; but, as it goes to the jurisdic tion of the court, we are required to consider it. Section 1490 of the Code of 1873 is as follows: "If any party neglect to repair or rebuild a partition fence, or a portion thereof, which he ought to maintain, the aggrieved party may complain to the fence viewers, who, after due notice to each party, shall examine the same; and if they determine the fence is insufficient shall signify it in writing to the delinquent occupant of the land, and direct him to repair or rebuild the same, within such time as they may deem reasonable." Section 1492 provides for the settlement of a controversy between the respective owners about the obligation to erect or maintain partition fences, by the fence viewers. The argument is that this case involves the maintenance or repair of a partition fence, and that the fence viewers have exclusive jurisdiction of the controversy. The fault with the argument lies in the assumption that the issue is over the neglect of one of the parties to repair or maintain his part of the fence. Such is not the point in dispute. There is no question that the fence is sufficient for the purpose intended. The complaint is that the fence, as constructed, is an invasion of plaintiff's property rights. The fence viewers have no jurisdiction of such a controversy.

II.   The Code of 1873 provides, in substance, that the respective owners of land inclosed with fences shall keep up and maintain partition fences between their own and the next adjoining inclosure. It also provides that a person building a fence may lay the same upon the line between him and the adjacent owners, and

that he shall have the same right to remove it as if it were upon his own land. It further provides that a certain fence, built of rails, or boards and posts, or its equivalent, shall be a lawful fence. This same Code also recognizes a hedge fence as lawful, and provides for its cultivation, by allowing the owner to enter upon his neighbor's land for this purpose. There is no statute, prior to the enactment of the present Code, regulating the height of such a fence, nor any provision requiring the owner or other person to trim the same. Appellant contends that the owner of the hedge has no right to use more of his neighbor's land than is essential for the purpose of making a lawful fence, or its equivalent, and that when he does this, he is liable to respond in damages. The right to plant the hedge upon the line is unquestioned, and defendant is not in fault, unless it be in failing to trim and cut down the hedge to such a height that it will answer the purpose of a lawful fence. As the statute authorizes the growth of such a fence upon the division line, and as there is no express requirement upon the owner to trim it, such duty arises, if at all, in virtue of some implied obligation. The rights and duties of adjacent owners of land with respect to partition fences is purely statutory, and as the statute expressly provides for and recognizes hedge fences, and does not undertake to specify their height, or as to how they shall be trimmed, it follows, we think, that neither party can hold the other responsible for damages incident to the natural growth of the hedge. See *Musch v. Burkhart*, 83 Iowa, 301. It is a clear case of *damnum absque injuria*. The new Code (section 2355) remedies this mischief by requiring the owner to trim division fences. The demurrer was properly sustained, and the judgment is AFFIRMED.