VICTOR STRAIT, Appellee, v. HENRY BARTHOLOMEW, Appellant.

NEGLIGENCE: Contributory Negligence—Anticipating the Unlawful.
1 The traveler will not be held guilty of contributory negligence because he did not anticipate the unlawful presence of stock upon the public highway.

HIGHWAYS: Injuries From Obstructions—Instructions in re Stock.
2 Instructions reviewed, and held not vulnerable to the objection that the owner of stock upon a public highway is an *insurer* against accidents.

NEGLIGENCE: Acts Constituting—Stock in Highway. Record held to
3 present a jury question on the issue whether the owner of stock knew or ought to have known, in the exercise of reasonable care, that his stock was in the public highway.

*Appeal from Van Buren District Court.*—D. M. ANDERSON, Judge.

FEBRUARY 6, 1923.

ACTION to recover damages for injuries resulting from a collision of plaintiff's automobile with a calf which was at large upon a public highway. The jury returned a verdict in the

sum of $40 in favor of plaintiff and judgment was entered accordingly. Defendant appeals.—*Affirmed.*

*J. C. Calhoun* and *Sloan & Sloan,* for appellant.

*Newbold & Newbold,* for appellee.

DE GRAFF, J.—The defendant was the owner of a certain calf which was permitted, as alleged in plaintiff's petition, to unlawfully run at large upon a public highway. On October 11, 1919 about 7:30 o'clock P. M. the plaintiff while driving a Ford car ran into the calf resulting in the injuries which caused the commencement of this action. Numerous errors are assigned by appellant which we will group for the sake of brevity.

It is first contended that the plaintiff was guilty of contributory negligence as a matter of law, and for this reason the court should have sustained defendant's motion for a directed verdict. With this proposition we cannot agree.

The facts do not disclose that the driver saw the calf in sufficient time to safely turn aside and avoid the collision. True, the road was of sufficient width for both Ford and calf to have occupied the highway without danger of collision, but the plaintiff could not have anticipated that a calf would be at large upon the public highway, and the evidence discloses that when he did apprehend the danger of the situation it was too late to change the course of the car. The evening was dark. The plaintiff was driving the car at a reasonable rate of speed. The trial court properly submitted the question of the negligence of the plaintiff to the jury and with its finding there is no reason to interfere.

1. NEGLIGENCE: contributory negligence: anticipating the unlawful.

Appellant further contends that under the rulings of the court the defendant is an insurer against damages from the fact that his stock is upon a public highway.

The record cannot be so construed. The law of the case as stated by the court in the instructions negatives this contention. The court specifically told the jury that "the mere fact

that defendant's calf may have been running at large at the time of the accident is not of itself negligence," but if you find that "said calf was running at large through some negligent act of commission or omission on the part of the defendant, then you would be justified in finding the defendant negligent in permitting said calf to run at large."

*2. HIGHWAYS: injuries from obstructions: instructions in re stock.*

There is evidence tending to prove that the calf had escaped from the adjoining pasture on previous occasions. The defendant was bound to use ordinary care and prudence to keep and maintain a fence around the pasture in which his stock was confined, and to adopt means that were reasonably suitable to prevent the stock from getting on the highway. The jury was so instructed. The owner of stock must act as a reasonably prudent and cautious man in restraining his stock without regard to the statute. The venue of this action is Van Buren County, Iowa and that county in conformity to Code Sections 2314 and 444 had adopted what is commonly known in this state as the "herd law." Under these police regulations the owner of stock is compelled to restrain them from running at large. If he fails, his stock is subject to distraint. It is alleged by plaintiff in his petition that "the calf was on the public highway through the negligence of the defendant and in violation of the police regulations of Van Buren County, Iowa, and contrary to the law of the state." The statute to which this allegation has reference does not involve the doctrine of common law negligence upon which the liability in the instant case must be and is predicated.

The court in defining "proximate cause" inadvertently used the word "approximate," but it may not be said that this clerical error misled the jury or that it constitutes reversible error. The proximate cause of damage was the presence of the calf on the public highway through the negligence of the defendant. It was for the jury to find whether the defendant was negligent in permitting the animal to escape its inclosure and be on the highway. True there was no evidence that the defendant had actual notice of this fact. However, it was for the jury to

*3. NEGLIGENCE: acts constituting: stock in highway.*

determine under all the evidence whether the defendant, acting as a reasonably prudent and careful person under like circumstances, would have discovered that prior to the accident the calf was habitually, or frequently escaping from the pasture and getting upon the highway, and thereby the defendant was chargeable with constructive notice of defects · in his fences which he was legally obligated to keep in a reasonably secure condition.  We discover no error in this record and the judgment entered is therefore—*Affirmed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.