E. J. Dillon, Appellant, v. Diamond Products Company, Appellee.

No. 41325.

December 13, 1932.

Boardman & Cartwright, for appellant.

E. N. Farber, for appellee.

Albert, J.—This automobile collision occurred on the 20th day of August, 1930, about 2 P. M. Plaintiff was traveling in a westerly direction in his Velie touring car, on an east and west road about two miles west of the town of Liscomb, and, the defendant's truck was following his car, also going in a westerly direction on the same road. Plaintiff sought to turn to the left onto a byroad running south, and as he neared the point at which he wished to turn, there was another car coming from the west. He stopped his car to let it pass and then attempted to turn south on the byroad and his car was struck by the defendant's truck.

Among other instructions given of which plaintiff complains is the following:

"You are instructed that it is the law of this state, and was the law at the time of the collision between the car owned by the plaintiff and the truck owned by the defendant, that the operator of a motor vehicle shall, before turning or changing the course of his vehicle, first see that there is sufficient space to make such movement

in safety, and shall give a visible or audible signal to the drivers of vehicles following, of his intention to make such a movement, by raising and extending the hand or by a proper signal or device indicating with it the direction in which he wishes to turn. And you are further instructed that if you find from a preponderance of the evidence in this case that the plaintiff, before moving his automobile from the place where it was in a stationary position and turning it across the highway and proceeding toward the driveway on the south side thereof, did not first see that there was sufficient space to make such movement in safety, or did not give a visible or audible signal to the drivers of vehicles following, of his intention to make such a movement, then he was guilty of negligence and cannot recover on his claim against the defendant in this action, and on that branch of this case your verdict should be for the defendant."

The substantial part of this instruction against which complaint is lodged is that it tells the jury that a failure of the motorist to observe the provisions of the statute is negligence. Plaintiff claims this is error because he says that such failure is merely prima-facie evidence of negligence, and relies on Voiles v. Hunt, 213 Iowa 1234, and McDougal v. Bormann, 211 Iowa 950.

Counsel and the court are not to be blamed for the confusion of authorities on this question, but in the case of Kisling v. Thierman, 214 Iowa 911, we cleared the confusion in our cases and held that aside from the statute governing the "law of the road" any failure to observe the standard of care fixed by the statute is negligence; and further, that "the rules here announced are to govern in all such cases, regardless of anything said in prior opinions." The effect of this statement in that opinion was to overrule all prior conflicting decisions and establish the rule once for all. The instruction heretofore set out is strictly in accord with the rule laid down in the Kisling case.

This disposes of the only error assigned in the case, and having found the instruction in accord with our latest pronouncement, there is nothing for further consideration. The case is—Affirmed.

STEVENS, C. J., and EVANS, DE GRAFF, and KINDIG, JJ., concur.