M. Parrack et al., Appellees, v. C. W. McGaffey, Appellant.

No. 42035.

December 12, 1933.

H. W. Byers and Putnam, Putnam, Langdon & Fillmore, for appellant.

E. D. Marshall and R. E. Hanke, for appellees.

Kintzinger, J.—The collision in question happened in the afternoon of April 8, 1932, at the intersection of Second street and University avenue in the city of Des Moines. It was a bright clear day, and both drivers had a clear view of each other. University avenue runs east and west, and Second street north and south, forming a "T" at the intersection. There is a steep grade on University

avenue from the west toward the intersection at which the collision happened. University avenue is about 40 feet wide and Second street about 25. Plaintiff was traveling westward on the north side of University avenue approaching Second street, and, upon reaching the intersection, she started to turn around the center of the intersection to drive into Second street. The defendant was driving east on the south side of University avenue. The plaintiff was traveling over 20 miles an hour, and, according to plaintiff's evidence, the defendant was traveling 40 miles an hour. Plaintiff did not slacken her speed while approaching the intersection, and on making the turn for Second street she gave her car more gas and increased its speed. As plaintiff approached the intersection, and while making the turn, she, at all times, saw the defendant's car approaching the intersection at a high rate of speed.

Before she entered Second street, and while still on University avenue, after making the turn, the defendant's car collided with plaintiff's car and knocked it over against the curb on the southeast corner of the intersection. At the close of all the testimony, defendant moved for a directed verdict on the grounds, among others, that plaintiff failed to establish defendant's negligence, and that she failed to establish her own freedom from contributory negligence. The motion was overruled, and verdict and judgment entered for plaintiff.

I. It is claimed that the court erred in failing to sustain defendant's motion for a directed verdict, because the evidence failed to establish defendant's negligence as alleged.

It is the settled rule of law in this state that, where there is a conflict in the evidence as to whether or not a defendant is guilty of any of the acts of negligence alleged, it becomes a question for the jury. The allegations of negligence submitted to the jury were: (1) That at the time of the accident he drove his car at an excessive and dangerous rate of speed; (2) that he did not have his car under proper control at the time and place of the accident; and (3) in failing to keep a proper lookout for others using the highway.

Plaintiff testified that, as she entered University avenue about a half block east of Second street, she saw defendant's car approaching about two blocks west of Second street; that, when she started to turn left to cross into Second street, she saw defendant's car coming down the hill towards Second street at a speed of 40 miles an hour; and that he increased his speed when plaintiff was turn-

ing. Plaintiff was on the inside lane preparing to turn into Second street, that she was making the turn before defendant reached the intersection, and that her car was on the south side of University avenue when the collision occurred. She testified that he had not slackened his speed.

From this evidence the jury might find that he was driving down the hill at a high rate of speed, that he did not have his car under control, or that he was not keeping a proper lookout. This testimony was denied by defendant, but it clearly raised a sufficient conflict in the evidence to make the question of defendant's negligence one for the jury.

II. Error is also assigned because of the court's failure to hold, as a matter of law, that plaintiff failed to establish her freedom from contributory negligence. The evidence shows without dispute that plaintiff had a clear view of University avenue and saw defendant's car approaching Second street when it was more than two blocks away. She testified that, as defendant's car was coming down the hill on University avenue, approaching Second street, it was traveling at about 40 miles an hour. She further testified that the defendant failed to slacken the speed of his car, but increased it. Plaintiff testified that defendant was 25 feet away as she was driving south into Second street. She testified that she did not slacken the speed of her car, but, on the contrary, accelerated the speed by stepping on the gas. By doing this she was attempting to cross ahead of a fast-moving car approaching the intersection. She testified: "I saw the car coming down the hill west of Second Street, and when I was somewheres between Second Street and Bluff Street, which is about one-half block east of Second Street, I decided to turn. I was going about 20 miles an hour and I did not slow down any before I made the turn into Second Street. As the other car came down the hill I went faster. I had my eye on him as he was driving down the street"; that she increased the speed of her car to get across and tried to go faster.

Plaintiff knew that defendant was approaching at a high rate of speed, and did nothing whatever to protect herself and others against the danger of a collision which must have been apparent to her by crossing over the south side of the street.

Under the law of this state, the operator of a motor vehicle shall, before stopping, turning, or changing the course of such vehicle, first see that there is sufficient space to make such move-

ment in safety, etc. Code section 5032; Dillon v. Diamond Products Co., 215 Iowa 440, 245 N. W. 725. The court embodied the substance of this statute in instruction No. 10. Therein the court said:

"That it is the law of this State that the operator of a motor vehicle shall before turning or changing the course of said vehicle first see that there is sufficient space to make such movement in safety. It is for you to say from all of the evidence in this case whether or not Mrs. Parrack at the time of the accident first saw that she could make the turn from University Avenue south on to Second Street in safety. If you find from all the evidence that she failed to first look to see that she could make such movement in safety, and you further find that such failure on her part contributed directly to the accident in question, then she would be guilty of contributory negligence in this regard and cannot recover damages on account of said automobile accident."

The duty imposed upon the driver of an automobile under the foregoing statute and instruction requires the driver to see that there was sufficient space in which to make the turn in safety. This duty not only requires a driver to see that there is sufficient space to make the turn in safety, but also requires the driver to slacken the speed of his car to allow the approaching car to pass. if there is not sufficient space within which to make the turn. The exercise of ordinary care on her part, even without a statute, would require a person under similar circumstances to control his car in such a manner as to avoid an accident. She says: *"That at the time I did not know how far I was from the west curb of Second Street. I think I was very close to it because I was sure I could make it before he got down the hill."*

We have here a clear case of the violation of the statute by the plaintiff. She was approaching the Second street intersection at 20 miles an hour. She continued at the same rate of speed to the corner, and then increased her speed for the purpose of getting into Second street before defendant's approaching car.

University avenue is 40 feet wide between curbs. This would make 20 feet from the center of University avenue to the south curb line thereof. When plaintiff's car was struck, her front wheels reached the south curb line of University avenue. This clearly shows that her car must have traveled 20 feet from the time it made the turn at the center of the intersection. She says she was travel-

ing 20 miles an hour and that the defendant was traveling 40 miles an hour. He was therefore traveling twice as fast as plaintiff, and therefore in the same length of time would have traveled twice as far. Therefore, if plaintiff's car traveled 20 feet at 20 miles an hour before the impact, the defendant's car must have traveled twice as far, or 40 feet from the time plaintiff turned at the center of the intersection. It is therefore clear from this evidence that the defendant's car could have been only 40 feet west of her car when she started to turn at the center of the intersection. She then saw defendant's car approaching the intersection at a high rate of speed. She not only knew the defendant did not slacken his speed, but also knew that he was coming down the grade at an increased speed. She said: "He didn't slacken his speed, but after I started to turn he increased it." There was no excuse for her failure to stop or slacken her speed. The physical facts, as well as the testimony, shows that the conditions present indicated that a collision was imminent unless she slackened the speed. Instead of slowing up, she increased her speed in an effort to beat the defendant across the intersection. This is not a case where a plaintiff did not see the on-coming car, or where the plaintiff was driving slowly without knowing the high rate of speed at which the defendant was approaching. On the contrary, she not only saw it and kept her eyes on it, but plaintiff herself testified that he was approaching at a speed of about 40 miles an hour; she knew the defendant failed to slacken the speed of his car, and she also testified that he increased the speed as she turned the corner. The defendant was approaching on the south side of the same street. She had been on the north side. Conceding that defendant was negligent in driving at an excessive rate of speed, and did not have his car under control, she knew, or in the exercise of reasonable care must have known, that he was approaching down grade at such a high rate of speed without any effort to slacken his speed. Under such conditions, she must have known that an attempt to cross over University avenue and reach Second street might result in a collision. Under the facts in this case, we are constrained to hold that the plaintiff's freedom from contributory negligence was not established. Defendant's motion for a directed verdict on that ground should have been sustained.

It is the settled rule of law in this state under the physical fact rule that, if the plaintiff looked when she started to turn, she must

have seen the approaching car coming, and, if after so doing she failed to do anything to avoid the collision, she would be guilty of contributory negligence. If that is true under the physical fact rule, it is necessarily true where the plaintiff *does look* and *does see* the car approaching at such a rate of speed as to indicate no intention on the part of the driver of the approaching car to slacken his speed.

It is the settled rule of law, where one voluntarily places himself in a position of danger which can be seen and appreciated, he is guilty of contributory negligence, as a matter of law. Artz v. Chicago, R. I. & P. R. Co., 34 Iowa 153; Payne v. Chicago, R. I. & P. R. Co., 39 Iowa 523; Jarvis v. Stone, 216 Iowa 27, 247 N. W. 393; Hansen v. Biron, 208 Wis. 215, 242 N. W. 498; Roth v. Barrett Mfg. Co., 96 Wis. 615, 71 N. W. 1034; Guffey v. Harvey (Mo. App.) 179 S. W. 729; Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552; Dillon v. Diamond Products Co., 215 Iowa 440, 245 N. W. 725.

III. Complaint is also made of instruction No. 5. In this instruction the court tells the jury that, in order to find for the plaintiff, it would be necessary to show "that the driver of the other car was guilty of one or more of the acts of negligence which was a proximate cause of the accident in question". We have repeatedly held that the jury's finding of negligence is limited to the acts of negligence alleged in the petition. No doubt this is what the court meant, and it may be that, when this instruction is construed in the light of all the instructions, it would not be prejudicial. We would say, however, that complaint against this instruction would have been obviated if it had specifically limited the finding of negligence to the acts alleged in the petition. In view of the necessity of a reversal on the question discussed in Division II hereof, it is unnecessary for us to enlarge upon this assignment.

In view of the necessity of a reversal under Division II hereof, a discussion of other questions presented will be of no avail.

The judgment of the lower court is therefore reversed.

ALBERT, C. J., and STEVENS, ANDERSON, KINDIG, and DONEGAN, JJ., concur.