Dorothy Ritchie, appellant, v. August Schaefer, appellee.

Edward Ritchie, appellant, v. August Schaefer, appellee.

## No. 50912.

(Reported in 120 N.W.2d 444)

March 12, 1963.

Breese & Cornwell, of Mason City, for appellants.

Pappas & Senneff, of Mason City, for appellee.

Peterson, J.—This is an action for damages arising by reason of a collision between plaintiffs' car and some Angus cattle which had escaped from defendant's cattle yard and strayed

upon public Highway No. 65 near Mason City. The court submitted the case to the jury. The jury returned a verdict in favor of defendant. Plaintiffs appealed.

There is only one issue in the case. The trial court instructed the jury the presence of the cattle upon the highway in front of defendant's farm home was prima facie evidence of negligence. Plaintiffs allege this was error, and the trial court should have instructed the jury the straying of the cattle was negligence per se.

The case rests upon an interpretation of section 188.2, Code of Iowa 1962. The provisions of the section are: "Restraint of animals. All animals shall be restrained by the owners thereof from running at large."

I. On the morning of August 18, 1959, plaintiffs were driving north about 1 a.m. on U. S. Highway No. 65. Edward Ritchie was driving. His wife, Dorothy, was sitting in the front seat with him. The car was a new Chevrolet station wagon and their five children were sleeping in the rear of the car. Plaintiffs left Tulsa, Oklahoma, on the morning of August 17 and intended to drive through to southern Minnesota without stopping, except for their meals. A few miles south of Mason City several Angus steers suddenly appeared on the blacktop highway less than 100 feet in front of plaintiffs. Mr. Ritchie was driving about 45 miles per hour and was not able to stop in said distance. He turned the car toward the left, but even then when he reached the cattle, his car hit a steer. Both plaintiffs received personal injuries. The cattle belonged to defendant, August Schaefer.

On the day of the accident the defendant had 30 head of Angus cattle in a cattle yard near the highway. They weighed about 1000 pounds each. The enclosure was well fenced. The posts were 6 inches in diameter and about 8 feet in length. The gate on the enclosure was a heavy-duty steel gate. When defendant fed the cattle on August 17 he particularly noticed the gate. The gate was hooked with a chain and snap and was secured with a wire. He found the wire somewhat twisted and placed a new 11-gauge wire on the gate, fastening it to

the post. After the accident he noticed the wire was untwisted and the chain was broken.

Mrs. Schaefer and the children in the family all testified they had not opened the gate that day. Mrs. Schaefer testified she heard a car in their yard late that night before the accident. When she looked out the window the car was leaving the farmyard. The trial court instructed the jury that it was prima facie evidence of negligence on the part of defendant to permit his cattle to run at large. The court also instructed the jury that defendant could show what care he exercised in restraining his cattle, and it was for the jury to decide whether he exercised reasonable and ordinary care. It is at this point the only question at issue arises. Plaintiffs contend the trial court should have instructed the jury the presence of the cattle on the highway was negligence per se.

Webster's Dictionary defines "per se" as "By, of, or in itself." "Prima facie evidence" is defined as "Evidence sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted."

II. It has been established by decisions in Iowa that a situation such as pertains in the instant case is prima facie evidence of negligence. The trial court in giving its instructions to the jury followed such precedents.

There was no problem involved in the horse-and-buggy age. Even if a hog or a steer was wandering upon the highway the horse and buggy were traveling so slowly that the horse could and did easily avoid a straying animal. The problem arose when we entered the automobile age. The first case touching upon damages by reason of animals running at large and being struck by an automobile was Strait v. Bartholomew, 195 Iowa 377, 379, 191 N.W. 811. Defendant had permitted a calf to run at large upon the highway. In this early case the court did not go so far as to the question of negligence as in later cases. However, the court did say: "The defendant was bound to use ordinary care and prudence to keep and maintain a fence around the pasture in which his stock was confined, and to adopt means that were reasonably suitable to prevent the stock from getting on the highway. * * *". The court in-

structed: "If you find that 'said calf was running at large through some negligent act of commission or omission on the part of the defendant, then you would be justified in finding the defendant negligent in permitting said calf to run at large.'"

The next case of this type was Stewart v. Wild, 196 Iowa 678, 681, 683, 685, 195 N.W. 266. This case involved several hogs which had strayed upon the highway. Plaintiff's car struck the hogs, overturned, and plaintiff and his family were injured. This was in the days of "demurrers." Defendant filed a demurrer which was sustained by the trial court. This court reversed and remanded. Several principles of law with reference to animals on highways were announced in the decision. The question was raised in the case as to whether the restraint-of-animals statute pertained to travelers on highways as well as to the farmer's neighbors from whose farm animals were restrained.

One of the allegations of defendant in his demurrer was "that such statute has no application to the rights of a traveler upon the highway, and that it imposes upon the owner of swine no duty with reference to such highway travel." The court said: "The record indicates that such was the controlling reason for the sustaining of the demurrer. We note first, therefore, that this conception of the nature of the action is an erroneous one. * * * It is the fundamental law of the highway that it is subject to the use of the traveling public, and that it must be kept free from such obstructions as are not incident to its use for travel."

As pertaining particularly to the question of evidence the court said: "Proof that the hogs were running at large would doubtless be presumptive evidence of defendant's breach of statutory duty, and, therefore, of negligence. What circumstances might be deemed as sufficient to excuse the defendant and to render him free from fault is a question not involved in the demurrer."

The latest direct decision of this court involving the question of damages by reason of animals running at large upon highways is the case of Hansen v. Kemmish, 201 Iowa 1008, 1015, 208 N.W. 277, 45 A. L. R. 498. This case involved a boar,

running at large on the highway. Plaintiff was driving a Ford car along the road about 7:30 p.m., on October 18, 1921. The hog appeared suddenly and plaintiff could not miss him. When he struck the hog, his car was thrown to the left and upset and plaintiff was injured. With reference to negligence the court said: "Limiting our holding to the particular question raised in this case, we are of the opinion that the defendant was prima facie negligent in permitting his boar to be at large on the highway; that it was competent for him to show, if he could, that he did in fact exercise reasonable and ordinary care in restraining the animal; * * * and that the question of negligence in this case is, as it is ordinarily, one of fact for the jury."

The question now confronting the court is whether or not we are justified in overruling the Hansen case, and prior similar cases, and deciding that in this case, and hereafter, the owner of cattle, hogs, etc., shall be guilty of negligence per se when such animals wander upon the highways of our state.

III. Appellants have not quoted from nor cited to us any case later than the Hansen case in the State of Iowa holding that the presence of cattle, hogs etc., on the public highway is negligence per se. It is appellants' position that we have established such a degree of negligence in automobile and perhaps other cases, and by analogy appellants apply the policy of negligence per se to animals running at large upon the public highways contrary to section 188.2.

The primary case upon which appellants base their argument is the case of Kisling v. Thierman, 214 Iowa 911, 915, 243 N.W. 552. This was a case in which plaintiff was riding with her brother in a southerly direction near Deloit in Crawford County. As they reached the top of a hill, another car came from the south with its lights on. After this car had passed they discovered a truck ahead of them and in seeking to avoid a collision with the truck the right front part of the car in which plaintiff was riding struck the rear of the truck, resulting in injuries to plaintiff. The rear light of the truck was not very bright. The court instructed that a motor vehicle on a highway shall display on the rear a lamp so constructed and placed as to show a red

light from the rear, and throw a white light upon the rear registration numerals visible for at least 50 feet in the direction in which the vehicle is proceeding, and a failure so to do would in itself be negligence.

After discussion of various questions involving statutes and rules of the road the court said: "We think the most satisfactory rule would be that, except where by statutory provision it is otherwise specifically provided, the failure to obey any of the provisions of the statutes or ordinances providing the manner, method of the use and operation of vehicles on the highways, including streets, together with any provisions therein governing the equipment of vehicles and the use thereof, should be held to be negligence [we believe the court means negligence per se from other statements in the case] and not prima facie evidence of negligence."

It is true that in the decision Judge Albert, for the court, mentioned the case of Hansen v. Kemmish, supra, but it was not mentioned in such a manner that the Hansen case was overruled. In a paragraph referring to excessive speed the court said that by a statute passed in 1910 the question of excessive speed was prima facie evidence of negligence, but the statute was repealed in 1919. The court then states that in Faatz v. Sullivan, 199 Iowa 875, 200 N.W. 321, we held that a failure to obey a statute of this kind was negligence per se. The court then says: "See also Hansen v. Kemmish." This citation was overzealous as to such proposition because the Hansen case did not hold the running at large of animals upon the highway was negligence per se. The case of Kisling v. Thierman is restricted to motor-vehicle statutes, and does not overrule the Hansen case. It does not become a precedent for the policy of negligence per se as to animals running at large upon a highway.

Appellants cite five more cases in support of its allegation that failure to restrain animals from running at large should be considered negligence per se: Dillon v. Diamond Products Co., 215 Iowa 440, 245 N.W. 725; Wachter v. McCuen, 250 Iowa 820, 96 N.W.2d 597; Kohler v. Sheffert, 250 Iowa 899, 96 N.W.2d 911; Florke v. Peterson, 245 Iowa 1031, 65 N.W.2d 372; Wilson v. Long, 221 Iowa 668, 266 N.W. 482.

All of the cited cases pertain to damages by reason of motor vehicles violating the statute or rules of the road. In Dillon v. Diamond Products Co., supra, the question involved the failure by defendant's driver to give a signal to turn a motor vehicle, contrary to statute. Wachter v. McCuen, supra, was an action for damages sustained in a collision between a southbound automobile and a southbound truck. Kohler v. Sheffert, supra, is a motorist's action for property damage and personal injury resulting from a collision between motorist automobile and another automobile being pushed down a slope by a garage operator. Florke v. Peterson, supra, involved a collision when defendant turned left at an unmarked intersection just as plaintiff was attempting to pass. Wilson v. Long, supra, involved a collision between a gravel truck and an automobile. In this case the trial court instructed that a violation of the statute would be prima facie evidence of negligence. This court reversed and stated at page 671 of 221 Iowa, as follows: "We have repeatedly held that a violation of a statute or ordinance fixing a standard of care required under certain circumstances constitutes negligence per se unless a legal excuse for failure to observe the requirements of the statute or ordinance is established."

These automobile cases hold a violation of a statute which fixes the standard of care for motorists is negligence per se unless a legal excuse for the violation is shown. In other words, when an automobile exceeds the specific miles per hour fixed in a statute, fails to have a rear light upon it which complies with the statute, or is driven on the wrong side of the street in cities and towns, the violation is negligence per se if a legal excuse therefor is not shown. Section 188.2 is not a statute with such a fixed standard. This is the distinction which appellants fail to take into consideration. This is the distinction which permitted the trial court in this case to follow our established holding as to unrestrained animals and calling same prima facie evidence of negligence, instead of negligence per se.

IV. The weight of authority in the nation definitely supports the position of Iowa in the Bartholomew, Stewart and Hansen cases, all supra. The only two states which seem to take the view urged by appellants are California and Indiana.

34 A. L. R.2d, page 1286, refers to minority rule, and then discusses the predominant nationwide rule. The text states: "A number of cases * * * hold that an injury occasioned by a domestic animal running at large contrary to a statutory provision either raises a presumption, or makes a prima facie case, of negligence."

We hold the instruction of the trial court in the case at bar followed our precedents as to animals running at large upon a public highway, and the case is affirmed.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.