**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Dale E. NELSON, Defendant-Appellant, and Chicago, Rock Island and Pacific Railroad Company, Defendant-Appellee.**

**No. 53447.**

Supreme Court of Iowa.

April 8, 1969.

————◆————

Edward S. White, Carroll, for appellant.

James C. Smith, Carroll, for plaintiff-appellee.

Gamble, Riepe, Martin & Webster, Des Moines, and Dale D. Levis, Audubon, all for defendant-appellee.

SNELL, Justice.

■ This case is before us on appeal from the trial court's adjudication of law points effectively holding that there was no cause of action against Chicago, Rock Island and Pacific Railroad Company, hereinafter called Rock Island. As the ruling was decided on the pleadings we must take all well pleaded facts in the petition and cross-petition as true. Buckley v. Deegan, 244 Iowa 503, 505, 57 N.W.2d 196.

Carl C. Johnson, accompanied by his wife and children, was driving his car on U. S. Highway 71. The car collided with a cow in the traveled portion of the highway. The cow belonged to Dale E. Nelson. The car was damaged, the passengers suffered minor injuries and the cow was killed.

Johnson was insured against his loss (damage to his car and medical payments) by State Farm Mutual Automobile Insurance Company, hereinafter called State Farm. State Farm settled with Johnson and became subrogated to his rights.

State Farm then brought action in two divisions against Nelson and Rock Island.

In Division I plaintiff sought recovery from Nelson for failure to restrain his cow in violation of section 188.2, Code of Iowa, failure to maintain proper fences and failure to have his animal under control.

In Division II plaintiff sought recovery from Rock Island alleging that the cow had been pastured on property controlled by Rock Island and that Rock Island had failed to adequately maintain the fences on said property. By amendment plaintiff alleged violation of sections 478.2 and 478.4, Code of Iowa.

Defendant Nelson answered alleging that the cow escaped through a fence the Rock Island was required to maintain under the provisions of chapter 478, Code of Iowa.

Defendant Rock Island answered alleging, among other matters, that the fencing statutes contained in chapter 478 are not for the benefit of motorists on the highway or persons in the class of Johnson.

Defendant Nelson cross-petitioned against Rock Island seeking recovery for the value of his cow and in a separate division indemnity in the event he was held liable to plaintiff.

Rock Island moved for separate adjudication of law points. The trial court determined:

"1. That the Iowa fencing statutes contained in Chapter 478 of the Code of Iowa are not applicable in the circumstances set forth in plaintiff's amended petition.

"2. That in these circumstances the defendant, Chicago, Rock Island and Pacific Railroad Company, owes to the plaintiff insurance company, standing in the shoes of its insured, no legal duty, the breach of which constitutes negligence.

"3. That Chapter 478 of the Code of Iowa was not enacted for the benefit of motorists on the highway or persons in the plaintiff's class."

The court then held:

"* * * that under the circumstances set forth in the pleadings and as a matter of law the plaintiff has no cause of action against the defendant, Chicago, Rock Island and Pacific Railroad Company, *and that the defendant and cross-petitioner, Dale E. Nelson, is not entitled to judgment against the defendant, Chicago, Rock Island and Pacific Railroad Company, by way of indemnity.*" (Emphasis added.)

Defendant and cross-petitioner Nelson appealed.

I. Although an interesting and controversial question is involved in the trial court's ruling and there is considerable authority (some of it dicta) to the contrary, the reasoning is not decisive of this appeal. The trial court held the railroad fencing statutes were not for the benefit of motorists on the highway. The court then held against both the plaintiff, subrogee of the motorist, and the farmer whose cow was on the highway and who was also a defendant in the case.

The court's ruling leaves Nelson standing alone to answer for any liability that might be found.

Nelson, the owner of the cow, appealed.

The question before us is not the primary liability of Rock Island to the damaged motorist but Rock Island's liability to the owner of the cow.

For discussion of the history, purpose and liability under our railroad fencing statutes see Stevenson v. Atlantic and Northern Railway Company, 187 Iowa 1318, 175 N.W. 501 and Sell v. Chicago, Rock Island and Pacific Railway Company, 199 Iowa 808, 202 N.W. 785.

II. Section 188.2, Code of Iowa, provides:

"Restraint of animals. All animals shall be restrained by the owners thereof from running at large."

We have held that under this statute the presence of unrestrained animals on the highway is prima facie evidence of negligence. Ritchie v. Schaefer, 254 Iowa 1107, 120 N.W.2d 444 and cases cited therein. See also Stewart v. Wild, 196 Iowa 678, 195 N.W. 266 and Hansen v. Kemmish, 201 Iowa 1008, 208 N.W. 277, 45 A.L.R. 498.

The questions as to what plaintiff's proof or defendant Nelson's defense will be are not before us. If plaintiff establishes the presence of Nelson's unrestrained cow on the highway as the proximate cause of the accident there will be a prima facie case against Nelson and he may be held liable.

The question before us by virtue of Nelson's appeal thus becomes whether Rock Island might be liable to Nelson for damage sustained by him because of failure of Rock Island to comply with our fencing statutes.

This problem was not considered in depth by the trial court but was ruled on adversely to Nelson.

III. Section 478.2, Code of Iowa, provides:

"Railway fences required. All railway corporations owning or operating a line of railway within the state, shall construct, maintain, and keep in repair a fence on each side of the right of way, so connected with cattle guards at all public road crossings as to prevent livestock getting upon the tracks. All such rights of way shall be fenced within six months after the completion of the track or any part thereof."

We have held that the liability of a railroad is not limited to damage caused by a train hitting livestock.

In the Stevenson case, supra, it was alleged that cattle escaped through a fence the railroad was required to maintain. The cattle strayed and could not be found. The owner sought recovery under what is now section 478.2.

Arguments in support of a demurrer by the railroad similar to the arguments here were advanced. The opinion reviews the history, purpose and wording of the statute. It was held that plaintiff's petition was not vulnerable to demurrer. On page 1330 of 187 Iowa, on page 505 of 175 N. W., this appears:

"we regard it as settled that the statute making a railway company chargeable with misdemeanor for failure to construct and maintain right of way fences in no manner operates as a denial to the abutting owner of the right to recover damages for the *special injuries* sustained by him from such cause." (Emphasis added.)

In the Sell case, supra, horses escaped through a gate in a fence maintained by the railroad. The horses were injured by walking upon the steel prongs of a cattle guard. The history of the statutes and the authorities were again reviewed. Then as now a statute provided a criminal penalty for refusal or failure to comply with the fencing statutes. See section 478.10, Code of 1966. On page 811 of 199 Iowa, on page 786 of 202 N.W., this appears:

"The failure to perform this affirmative duty, for which a criminal penalty attached, would leave a railway company liable for the common-law liability for negligence for such injuries as were proximately caused by the failure to perform this statutory duty."

The opinion concludes in these words:

"We hold that there was liability for negligence in failing to perform a statutory duty, to wit, to maintain a proper fence, and that such negligence was, under the evidence, the proximate cause of the inju-

ry, at least that a jury question was presented." (loc. cit. 814, 202 N.W. 788)

IV. We conclude that Nelson has pleaded a cause of action against Rock Island for such loss, including liability to plaintiff, as he has suffered or suffers proximately caused by Rock Island's failure to satisfy statutory requirements.

V. Under the issues before us we need not decide the question of direct liability of the railroad to plaintiff.

The judgment is reversed and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.

All Justices concur, except LeGRAND, J., who dissents.