Gary L. JACOBS, Appellant,

v.

Doris STOVER et al., Appellees.

No. 55356.

Supreme Court of Iowa.

June 30, 1976.

Robert D. Fulton, Waterloo, for appellant.

Beecher, Buckmaster, Beecher, Holmes & Lindeman, Waterloo, for appellees.

Heard before MOORE, C. J., and Le-GRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

This is a claim for personal injuries sustained by plaintiff, Gary L. Jacobs, when an automobile he was driving collided with a horse owned by the defendants, Doris Stover and Kingdom M. Stover. The latter is now dead, and the administrator of his estate has been substituted as a party defendant.

This action was brought against Mr. and Mrs. Stover as owners of the animal and against Marvin Stallman and Wilma Stallman, husband and wife, as owners of an adjacent farm to which the animal had strayed before wandering onto the highway.

For convenience, we refer to Doris Stover and the administrator of her husband's estate jointly as Stover and to Mr. and Mrs. Stallman jointly as Stallman.

The present matter reaches us as a permissive appeal under Rule 332, Rules of Civil Procedure. It involves only Stallman's motion for summary judgment under Rule 237, R.C.P. Plaintiff's claim against Stover is not before us. The trial court sustained the motion and entered judgment for Stallman. We affirm.

Stover and Stallman are owners of adjacent farm land. Apparently they could not agree on the maintenance of a boundary fence between their lands. Upon Stallman's petition, the matter was submitted to fence viewers as provided in Chapter 113, The Code. On October 3, 1968, they ordered Stover to maintain the north half of a boundary fence and Stallman the south half. The order allowed the parties 30 days to comply with its terms. *See* §§ 113.3 and 113.4, The Code. While the repairs were being made, one of Stover's horses wandered from his land onto Stallman's. The escape was made at a point on the fence line Stallman had been ordered to maintain. From Stallman's farm, the animal gained access to the public road where the accident occurred.

The motion for summary judgment was considered on the pleadings, affidavits and oral testimony. There is no dispute as to the facts. Stover, not Stallman, owned the horse. At the time of the accident, Stallman had removed part or all of the existing fence along the portion of the line he had been directed to maintain. He was then in the process of rebuilding the fence to comply with the fence viewers' order. The deadline for completion of these repairs was November 3, 1968. The accident occurred on October 13, 1968.

■ Since under this record the only conflict concerns legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Goodwin v. City of Bloomfield*, 203 N.W.2d 582, 588 (Iowa 1973). As already mentioned, we agree with the trial court's conclusion Stallman was entitled to summary judgment.

Before setting out the reasons for reaching this result, we first observe plaintiff's brief does not accurately set forth the issue

raised by this appeal. The issue is not, as he states, whether Stallman's duty to fence inured to the benefit of plaintiff but rather whether there *was* a duty to fence at the time of this accident.

If such a duty existed, our cases support the view that a negligent violation thereof would permit recovery from Stallman by plaintiff. *See Montgomery v. Engle*, 179 N.W.2d 478, 484 (Iowa 1970); *State Farm Mutual Automobile Insurance Company v. Nelson*, 166 N.W.2d 803, 805 (Iowa 1969); *Hansen v. Kemmish*, 201 Iowa 1008, 1012, 208 N.W. 277, 279 (1926); *Nelson v. Wilson*, 157 Iowa 80, 84, 137 N.W. 1048, 1049 (1912).

■ However, that principle has no application here because under the undisputed facts Stallman had no duty to fence. Under our law, there is no common law duty resting upon adjoining landowners to fence their property. *Osgood v. Names*, 191 Iowa 1227, 1230, 184 N.W. 331, 332–333 (1921); *Little v. Laubach*, 183 Iowa 1370, 1377, 168 N.W. 155, 157 (1918); *Kinney v. Kinney*, 104 Iowa 703, 706, 74 N.W. 688, 689 (1898); cf. *Wenndt v. Latare*, 200 N.W.2d 862, 868–869 (Iowa 1972); 36A C.J.S. Fences § 2, p. 260 (1961); 35 Am.Jur.2d, Fences, § 6, 410–411 (1967). *See also* 34 Iowa L.Rev., Iowa Agricultural Fencing Law, 330 (1949) and 9 Iowa L. Bulletin, 76 (1923).

In *Little v. Laubach, supra,* 183 Iowa at 1377, 168 N.W. at 157 we said:

"[The owner of animals] is not liable, however, on account of the absence of a lawful partition fence, *if no portion of the fence has been assigned to him to keep in repair, either by the fence viewers or by agreement with the parties.* * * * *" (Emphasis supplied.)

While *Little* dealt with the liability of an owner for damage done by his animal, the rule there announced is even more applicable when, as here, plaintiff seeks to impose liability on a non-owner of trespassing animals.

■ The duty to fence arises only by agreement of the parties or by statute under Chapter 113, The Code. Since there is no claim of an agreement between Stover

and Stallman, if plaintiff is to prevail against Stallman we must find he had a statutory duty to fence under Chapter 113. This brings us again to the fence viewers' order of October 3, 1968.

■ We set out the relevant portions of the order:

"After taking into consideration all facts and evidence available, and making an examination of the grounds in question, it is hereby decided and ordered: That complainant, viz, Marvin Stallman of Route 1, Cedar Falls, Iowa, shall maintain the south 40 rods of said boundary fence. "That those complained of, viz, Kingdom Stover, Route 3, Cedar Falls, Iowa, shall maintain the north 40 rods of said boundary fence, less any portion thereof deducted for road.

"Provisions of the above order to be complied with on or before November 3, 1968."

The instrument was signed by the three fence viewers and was filed for record in Black Hawk County on October 4, 1968, in accordance with § 113.10, The Code.

The action of the fence viewers fixed the terms of Stallman's obligation to maintain his portion of the boundary fence. The statute authorizes the fence viewers to set the time within which the order is to be complied with. *See* § 113.4, The Code. At the time Stover's horse escaped, Stallman had no duty to maintain a fence which would restrain this animal. That obligation did not become binding on him until November 3, 1968. During the 30-day period allowed to effect repairs, Stover was indeed responsible for a negligent failure to restrain his animals, but no duty devolved upon Stallman to protect third parties against Stover's wandering horse. No authority has been cited, nor have we found any, which would impose liability on Stallman under the undisputed facts before us.

■ Plaintiff also seeks to attach liability to Stallman under Chapter 188, particularly §§ 188.3 and 188.4. That chapter has no application here. It deals solely with the rights and duties of adjoining landowners

toward each other for trespassing farm animals. The statutory duty to fence is governed by Chapter 113, The Code. *See* discussion in both majority and dissenting opinions in *Wenndt v. Latare, supra.*

Since Stallman had not agreed to maintain a boundary fence and since his statutory duty to do so had not yet matured, the trial court rightly granted summary judgment.

AFFIRMED.