Roy Gene KLOBNAK and Catherina Sue Klobnak, Appellants,

v.

WILDWOOD HILLS, INC., Wildwood Hills Ranch, and David Nadler, Appellees.

No. 03–1505.

Supreme Court of Iowa.

Nov. 10, 2004.

A. Zane Blessum, Winterset, and Catherine K. Levine, Des Moines, for appellants.

Dennis P. Ogden and Margaret C. Callahan of Belin Lamson McCormick Zumbach Flynn, a P.C., Des Moines, for appellees.

LARSON, Justice.

Plaintiffs, Roy and Catherina Klobnak, sued Wildwood Hills, Inc., Wildwood Hills

Ranch, and David Nadler (collectively Wildwood) for damages sustained when the plaintiffs' car struck two horses owned by Wildwood. The district court dismissed the suit on the ground that Iowa no longer has a statute prohibiting animals from running at large, and the defendants therefore owed no duty of care to the plaintiffs. We reverse and remand.

## I. *Facts and Prior Proceedings.*

Because this case arises under the defendants' pretrial motion to dismiss for failure to state a claim, we consider only the facts as set out in the petition. *Robinson v. State,* 687 N.W.2d 591, 593 (Iowa 2004). We view the facts alleged in the light most favorable to the plaintiff. According to the petition, the plaintiffs were traveling on a rural road in Madison County when the horses ran onto the roadway and were struck by the plaintiffs' car. As a result of the collision, both plaintiffs sustained serious injuries.

The plaintiffs alleged Wildwood was negligent in two respects: failing to test and identify the conditions of its fences and failing to take the necessary precautions to make the confinement safe. The defendants moved to dismiss the petition for failure to state a claim, contending that, because the Iowa legislature had repealed Iowa Code chapter 169B (the "fencing in" statute), Wildwood had no duty to fence the horses. Further, it contended, "[s]ince no duty to erect a fence exists at common law, Plaintiffs cannot assert breach of any such duty on the part of Wildwood based on the condition of the fence, or a failure to keep the fence safe and secure when confining livestock." The district court's calendar entry simply stated: "Defendant's motion to dismiss is granted. Dismissal is without prejudice."

## II. *Principles of Review.*

A motion to dismiss is properly granted only if a plaintiff's petition on its face shows no right of recovery under any state of facts. Our review of the district court's ruling ... is limited to the correction of errors at law. We are bound by the district court's findings of fact unless not supported by substantial evidence. However, we are not bound by the district court's application of legal principles or its conclusions of law. Ultimately, our decision to overrule or sustain a motion to dismiss must rest on legal grounds.

*Trobaugh v. Sondag,* 668 N.W.2d 577, 580 (Iowa 2003) (citations and internal quotations omitted).

It is true the defendants had no statutory duty to restrain their horses because our "fencing in" statute has been repealed. *See* 1994 Iowa Acts ch. 1173, § 42(1) (repealing Iowa Code ch. 169B). It is also true that no specific duty to restrain livestock exists at common law. *See Wagner v. Bissell,* 3 Iowa (Clarke) 396 (1856). Wildwood argues that, absent a statute imposing liability, owners may permit their horses to roam at large, free from any liability. It appears to us, however, that the specter of livestock running at large in our motorized society brings into question the rationality of such a rule. Our cases have established that animal-owner liability is not solely based on statute; there have been two potential bases for liability: the "fencing in" statute and a breach of ordinary care. As our cases have made clear, extinguishment of the statutory duty does not affect the duty to exercise ordinary care.

*Flesch v. Schlue,* 194 Iowa 1200, 191 N.W. 63 (1922), was decided before the general "fencing in" statute was passed. In that case, we recognized a claim based on a breach of ordinary care under facts

that were nearly identical to those in this case: the defendant's horse was loose on the highway and was struck by the plaintiff's car. The issue of liability in *Flesch* did not turn on a statute because one did not exist at that time. Instead, the issue was "whether the presence of the horse upon the highway resulted from a want of care on the part of the defendant...." *Flesch*, 194 Iowa at 1201, 191 N.W. at 63. We approved the following jury instruction:

> Ordinary care by the defendant of his horse would be such care as an ordinarily prudent and careful farmer exercises under like circumstances. If the ordinary, careful, and prudent farmer puts his horse in a barn, and shuts and latches the doors thereto, or puts it in the yard, properly fenced, and properly closes and secures the gates, then that would be ordinary care.

*Id.* at 1201–02, 191 N.W. at 63. We concluded that substantial evidence supported the jury's finding of a breach of care and affirmed a judgment for the plaintiff. *Id.* at 1202, 191 N.W. at 63–64.

In 1924, soon after *Flesch*, the Iowa legislature passed a statute that created a specific duty for owners to restrain their animals, *see Wenndt v. Latare*, 200 N.W.2d 862, 865 (Iowa 1972) (discussing Iowa Code § 2980 (1924)), and versions of this law remained in effect until its 1994 repeal. The statute merely added a new dimension in animal-owner liability: prima facie evidence of negligence. *See, e.g., Ritchie v. Schaefer*, 254 Iowa 1107, 1113–14, 120 N.W.2d 444, 447–48 (1963) (holding that evidence that an animal was at large on the highway was prima facie evidence of the defendant's negligence); *Hansen v. Kemmish*, 201 Iowa 1008, 1015, 208 N.W. 277, 280 (1926) (same); *Stewart v. Wild*, 196 Iowa 678, 685, 195 N.W. 266, 268–69 (1923) (same); *Strait v. Bartholomew*, 195

Iowa 377, 379–80, 191 N.W. 811, 812 (1923) (same). None of our cases have suggested that the statute supplanted the common-law duty of ordinary care; it merely complimented it.

The independent statutory and common-law duties were clearly articulated in the case of *Weber v. Madison*, 251 N.W.2d 523 (Iowa 1977). In *Weber* the defendant's geese were roaming at large on a highway and caused the plaintiff to swerve and wreck his car. 251 N.W.2d at 524–25. The plaintiff sued under two theories: (1) the defendant's breach of his statutory duty to restrain the flock, and (2) breach of his common-law duty of ordinary care in allowing the flock to be on the highway. *Id.* at 525. We held that the defendant did not breach a statutory duty because the relevant statute, Iowa Code section 188.2, did not cover geese. *Id.* at 526 ("[T]he 1924 legislature in enacting [the statute] did not intend its prohibition to include fowl.").

On Weber's common-law negligence claim, we said

> [t]he [defendant's] asserted right to permit geese to run at large must be examined in light of the common-law obligation of every person to use that reasonable care under the circumstances to avoid injury to another which an ordinarily prudent person would exercise in a like situation.

*Id.*

We noted that, while past cases had held that geese enjoyed a "free commoner" status, *id.* at 527, "there has been a revolution in our transportation," justifying a different rule. *Id.* at 528.

> The tendency of modern decisions is to restore the old common-law rule imposing liability with respect to all free-ranging animals....

A flock of large geese on the highway obviously presents a more dangerous hazard to today's fast-moving vehicles with under-slung chassis and minimal fender clearance....

We hold neither the "free commoner" status of geese nor the failure of the legislature to statutorily prohibit the owner from permitting geese to run at large will excuse an owner from negligently permitting them to be unattended on a traveled highway if their presence there creates a hazard to the motoring public.

*Id.* (citations omitted). In *Weber* we reversed a district court's grant of a motion to dismiss, holding that, even though the fencing-in statute did not apply, an owner still has a duty to use ordinary care when harboring animals and may be liable if he could reasonably anticipate that injury may occur if they roam at large. *Id.* at 528–29.

Cases from other jurisdictions support this view. *See, e.g., Drew v. Gross,* 112 Ohio St. 485, 147 N.E. 757, 759 (1925) (holding defendant liable at common law); *Eixenberger v. Belle Fourche Livestock Exch.,* 75 S.D. 1, 58 N.W.2d 235, 237 (1953) (recognizing that at common law an animal owner was not required to restrain the animal, but he could be liable if he "should reasonably have anticipated that injury would result from its being so at large on the highway" (internal quotations omitted)), *cited with approval in Pexa v. Clark,* 85 S.D. 37, 176 N.W.2d 497, 499 (1970) (noting proximity of animals to road as a factor to be considered); *Smith v. Whitlock,* 124 W.Va. 224, 19 S.E.2d 617, 619–20 (1942) (recognizing common-law duty of care by animal owners and noting that a specific duty to restrain animals should be created by the legislature, not the courts). The court in *Drew* summarized the rules

with respect to animal-owner liability in the absence of a statutory duty:

The owner of a domestic animal is responsible for negligence in its keeping whereby damage is occasioned. The principal test, as to whether the owner is or is not negligent, is whether he could or could not reasonably have anticipated the occurrence which resulted in the injury. It is a question of fact for the jury whether an owner of horses who turns them loose unattended into a field adjacent to a much-traveled highway in the nighttime, the fence of which field is in such defective condition that the horses may easily stray out onto the highway, could have anticipated that one of the horses would stray out onto the highway and collide with an automobile thereon.

....

A statute is not always required to establish the duty of ordinary care. The duty may arise from statute, or it may arise from ordinance, from contract, or from the relation of the parties. Apart from specific statute the law imposes upon every person the duty of using his own property so as not to injure his neighbor. As conditions change and modes of life alter, the duty to observe ordinary care in the use of one's own property, while not altering in its essentials, will alter in its details. What ordinary care demands depends always upon the circumstances of the case....

*Drew,* 147 N.E. at 758–59.

The common-law duty of care recognized by us in *Weber* is the standard articulated in most legal treatises and encyclopedias. *See, e.g.,* 61A C.J.S. *Motor Vehicles* § 1296, at 192 (2002) ("[T]he owner of animals has a duty to care for [them] in a reasonable fashion, and may be liable for injuries resulting from collisions with his or her animals due to his or her negligence in permitting them to

be on the highway."); James L. Rigelhaupt, Jr., Annotation, *Liability of Owner of Animal for Damage to Motor Vehicle or Injury to Person Riding Therein Resulting from Collision with Domestic Animal at Large in Street or Highway*, 29 A.L.R.4th 431, 443–49 (1984) (stating that, in light of modern traffic conditions, most courts have held that, at a minimum, an animal owner will be liable for injuries caused by his animal wandering onto a highway when he should reasonably have anticipated that injury would result if the animal were to stray there). The Restatement of Torts uses the situation in this case as an example:

> There may, however, be circumstances under which it will be negligent to permit an animal to run at large, even though it is of a kind that customarily is allowed to do so and under other circumstances there would be no negligence. Thus if a horse is turned loose in a field that abuts upon a public highway, and there is no fence to keep him off the highway, it may reasonably be anticipated that he will wander onto it, and that, particularly in the night time, his presence there may constitute an unreasonable danger to traffic. In these cases there may be liability for negligence upon the same basis as in other negligence cases.

Restatement (Second) of Torts § 518 cmt. k (1977).

Wildwood owed the plaintiffs a duty of ordinary care, despite the absence of a fencing-in statute. We hold it was error for the district court to dismiss the petition and therefore reverse and remand for further proceedings.

**REVERSED AND REMANDED.**