# IN THE COURT OF APPEALS OF IOWA

No. 22-1337
Filed June 21, 2023

**SIMRANJIT SINGH,**
      Plaintiff-Appellant,

**vs.**

**MICHAEL WALTER McDERMOTT,**
      Defendant-Appellee.
_____

      Appeal from the Iowa District Court for Cass County, Craig M. Dreismeier,

Judge.


      A plaintiff appeals a district court order granting the defendant's motion for

summary judgment and dismissing his claim for negligence.  **AFFIRMED.**


      Matthew M. Sahag and Gary Dickey of Dickey, Campbell & Sahag Law

Firm, PLC, Des Moines, for appellant.

      Raymond E. Walden, admitted pro hac vice, and Michael T. Gibbons and

Christopher D. Jerram, of Woodke & Gibbons, P.C., L.L.O., Omaha, Nebraska, for

appellee.


      Heard by Ahlers, P.J., Chicchelly, J., and Blane, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**CHICCHELLY, Judge.**

Around 2:00 a.m. on January 26, 2019, Simranjit Singh was driving his semi-truck east on Interstate 80 when he collided with a black cow that was standing in the right lane. Singh filed a claim for negligence against the cow's owner, Michael McDermott. McDermott does not dispute his ownership of the cow or the property adjacent to the collision. Singh claims to have suffered personal injuries and property damage to his semi-truck in the amount of $44,094.94. Finding Singh could not prove McDermott breached a duty of care or that the doctrine of res ipsa loquitur should be applied, the district court granted McDermott's motion for summary judgment and dismissed the suit. Reviewing Singh's timely appeal, we find no errors at law and affirm the district court's ruling. *See Susie v. Fam. Health Care of Siouxland, P.L.C.*, 942 N.W.2d 333, 336 (Iowa 2020) (setting forth standard of review).

In reviewing a ruling on summary judgment, we view the facts in the light most favorable to the nonmoving party. *Id.* at 337.

> The burden is on the moving party to demonstrate the nonexistence of a material fact question. However, the nonmoving party may not rely on mere allegations in the pleadings but must set forth specific facts showing a genuine issue for trial. If the nonmoving party cannot generate a prima facie case in the summary judgment record, the moving party is entitled to judgment as a matter of law.

*Id.* at 336–37 (internal citations omitted). "The requirement of a 'genuine' issue of fact means the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fees v. Mut. Fire & Auto. Ins. Co.*, 490 N.W.2d 55, 57 (Iowa 1992) (citation omitted). "An issue of fact is 'material' only when the dispute is over

facts that might affect the outcome of the suit, given the applicable governing law." *Id.* (citation omitted).

To prove negligence, a plaintiff must establish the applicable duty of care, a breach of that duty, proximate cause, and damages. *See Thompson v. Kaczinski*, 774 N.W.2d 829, 834 (Iowa 2009). Singh argues that McDermott's ownership of the cow imposes a duty of ordinary care to keep the cow off of the highway and, therefore, the cow's unattended presence on the highway exposes McDermott's breach. But Singh's summation is misdirected. In *Klobnak v. Wildwood Hills, Inc.*, 688 N.W.2d 799, 802 (Iowa 2004), our supreme court held that "an owner still has a duty to use ordinary care when harboring animals and may be liable if he could reasonably anticipate that injury may occur if they roam at large."[1] The distinction is subtle but important. Although injuries could reasonably be expected if a cow roamed the highway and the ordinary care should therefore be exercised with a goal of keeping animals off of the roadway, the duty itself is to use ordinary care in harboring the animal. In contrast, Singh's approach would impose a duty to keep livestock off of the highway so that a cow's presence on a highway, regardless of how it came to be there, would constitute breach of duty. We find no authority for Singh's method, which would effectively be an application of strict liability.

Instead, liability lies when the owner failed to act with ordinary care in harboring the animal. Singh sets forth no specific facts to generate a dispute on

---

[1] The court acknowledged that there is no longer a statutory duty to restrain livestock because our state's "fencing in" statute was repealed in 1994, nor is there a "specific duty to restrain livestock exist[ing] at common law." *See Klobnak*, 688 N.W.2d at 800 (citing 1994 Iowa Acts ch. 1173, § 42(1)).

this point. He collected photographs of fencing on McDermott's property but does not allege any deficiencies with the enclosure. He did not depose McDermott or any expert to ascertain the adequacy of McDermott's fencing or other harboring practices. Therefore, a reasonable jury could not find Singh has established that McDermott breached his duty of care. *See, e.g.*, *Radojcsics v. Ohio State Reformatory*, 368 N.E.2d 1284, 1286 (Ohio Ct. Cl. 1977) ("Since plaintiff has not demonstrated that defendant had notice of the escape or of any defect in the fence prior to the accident and since she has failed to show that the fence was improperly maintained or in any way inferior to those in general use for similar purposes, the court must conclude that she has not proved any negligence on the part of the defendant.").

Singh also contends that McDermott's negligence speaks for itself because the cow was unattended on the highway when it should have been properly confined. However, we find the doctrine of res ipsa loquitur should not be applied because a cow may come to be on a roadway without any act of negligence necessarily bringing it there. *See, e.g.*, *Brauner v. Peterson*, 557 P.2d 359, 361 (Wash. Ct. App. 1976) ("With regard to res ipsa loquitur, the presence of an animal at large on the highway is not sufficient to warrant application of the rule, [i].e., the event must be of a kind not ordinarily occurring in the absence of someone's negligence. A cow can readily escape from perfectly adequate confines."); *see also Reed v. Molnar*, 423 N.E.2d 140, 145 (Ohio 1981) (noting "there has been judicial recognition that cattle and other domestic animals can escape from perfectly adequate confines"); *Ladnier v. Hester*, 98 So. 3d 1025, 1028–29 (Miss. 2012) ("The mere fact that livestock escapes from an enclosure and an accident

occurs is not evidence of negligence on the part of the owner; the plaintiff must prove actual negligence.").[2]

Like the district court, we note that "[s]ummary judgment 'is not a dress rehearsal or practice run' for trial but rather 'the put up or shut up moment in a lawsuit, when a [nonmoving] party must show what evidence it has that would convince a trier of fact to accept its version of the events.'" *Garrison v. New Fashion Pork LLP*, 977 N.W.2d 67, 88 (Iowa 2022) (second alteration in original) (citation omitted). Because Singh has not put up evidence by which a reasonable jury could find McDermott was negligent, we affirm the district court's dismissal of this action.

**AFFIRMED.**

---

[2] In oral argument, Singh's counsel stressed his reliance on res ipsa loquitur as preventing summary judgment. Our appellate courts have discussed liability regarding a vehicle striking livestock on a roadway but have not previously addressed the application of res ipsa loquitur under those facts. We recognize there is a split of authority as to whether and to what extent the doctrine of res ipsa loquitur applies. *See* James L. Rigelhaupt, Jr., *Liability of Owner of Animal for Damage to Motor Vehicle or Injury to Person Riding Therein Resulting from Collision with Domestic Animal at Large in Street or Highway*, 29 A.L.R.4th 431, §§ 8(a), (b) (1984) (listing cases). Based upon our analysis of this jurisdictional split, we hold the view that a cow's escape is not prima facie evidence of negligence because livestock's "animate self-propulsion" is often sufficient to overcome perfectly adequate confines. *Pepper v. Bishop*, 15 Cal. Rptr. 346, 349 (Ct. App. 1961).